**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **DAVID ISENBERG**, **ERNIE NOBLES**, **JIMMY REYNA** and **TIM JOHNSON**, Individually, and on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **FLUOR CORPORATION**, a Delaware Corporation, and **FD SERVICES, INC.,** a Delaware Corporation, <br><br> Defendants, | <br><br><br><br><br><br> Case No. 4:18-cv-2407 <br><br> **FLSA Opt-In Collective Action** <br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiffs David Isenberg, Ernie Nobles, Jimmy Reyna and Tim Johnson ("Plaintiffs"), individually and on behalf of themselves and all other similarly situated hourly-paid construction employees of Fluor Corporation, by and through their counsel of record, bring their claims for "off-the-clock" and overtime violations as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against Defendants Flour Corporation and FD Services, Inc. ("Defendants") and allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, and based upon the investigation made by their counsel, complain as follows:

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides a suit under the FLSA "may be maintained against any employer … in

any Federal or State court of competent jurisdiction." Named Plaintiffs have signed opt-in Consents to Join this lawsuit. (Attached hereto as *Exhibits A, B, C and D*).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendants conduct business within this District. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff David Isenberg was, at all material times, a resident of Texas who worked as a hourly-paid employee of Defendants at their construction site in Baytown, Texas ("the Project") during the three-year period immediately preceding the filing of this Complaint (hereinafter "Violation Period"). Plaintiff Isenberg's Consent to Join this collective action is attached hereto as *Exhibit A*.

5. Plaintiff Ernie Nobles was, at all material times, a resident of Texas who worked as a hourly-paid employee of Defendants at their construction site in Baytown, Texas ("the Project") during the three-year period immediately preceding the filing of this Complaint. Plaintiff Nobles' Consent to Join this collective action is attached hereto as *Exhibit B*.

6. Plaintiff Jimmy Reyna was, at all material times, a resident of Texas who worked as a hourly-paid employee of Defendants at their construction site in Baytown, Texas ("the Project") during the three-year period immediately preceding the filing of this Complaint. Plaintiff Reyna's Consent to Join this collective action is attached hereto as *Exhibit C*.

7. Plaintiff Tim Johnson was, at all material times, a resident of Texas who worked as a hourly-paid employee of Defendants at their construction site in Baytown, Texas ("the

Project") during the three-year period immediately preceding the filing of this Complaint. Plaintiff Johnson's Consent to Join this collective action is attached hereto as *Exhibit D*.

8. Plaintiffs were "employees" as defined by the FLSA, who worked as hourly-paid construction employees of Defendants during the Violation Period.

9. Defendant Fluor Corporation is a Delaware Corporation with its corporate headquarters located at 6700 Las Colinas Boulevard, Irving, Texas 75039. According to its website, "[F]]our Corporation is a global engineering, procurement, fabrication, construction and maintenance company that designs, builds, and maintains capital-efficient facilities for its clients on six continents."[1] Defendant Fluor Corporation is an employer, as defined in 29 U.S.C. § 203(d). Defendant Flour Corporation can be served through its registered agent for service of process, Corporation Service Company located at 251 Little Falls Drive, Wilmington, New Castle County, Delaware 19808, or wherever it may be found.

10. Defendant Fluor Daniel Services Corporation is a Delaware Corporation and is a wholly owned subsidiary of Fluor Corporation. Defendant Fluor Daniel Services Corporation is the construction management arm of Defendant Fluor Corporation and the entity that paid Plaintiffs and putative class members. Defendant Fluor Daniel Services Corporation is an employer, as defined in 29 U.S.C. § 203(d). Defendant Flour Daniel Services Corporation can be served through its registered agent for service of process, Corporation Service Company located at 251 Little Falls Drive, Wilmington, New Castle County, Delaware 19808, or wherever it may be found.

---

[1] *See http://www.fluor.com/.*

## FACTUAL BACKGROUND

11. Plaintiffs were hourly-paid construction employees or, similarly-titled employees, (hereinafter "Covered Employees") of Defendants who were employed at their construction site in Baytown, Texas (the "Project") during the Violation Period.

12. The Project is commonly known as the U.S. Gulf Coast (USGC) Petrochemicals Project and was built for Chevron Phillips Chemical Company. "Fluor, in a joint venture with JGC, performed the engineering, procurement and construction of the 1.5-million-metric-tons-per-year ethane cracker and associated offsite components at Chevron Phillips Chemical's existing Cedar Bayou complex in Baytown, Texas. It is the first greenfield cracker project in the United States in more than a decade and is one of the largest and most energy efficient ethane crackers in the world. Fluor's scope of work included engineering and construction for the outside battery limit scope as well as the direct-hire construction for the entire cracker project. In March 2018, Chevron Phillips Chemical announced that it successfully induced feedstock and commenced operations of the new ethane cracker."[2]

13. Defendants classified all their Covered Employees as non-exempt under the FLSA and paid them an hourly rate. Plaintiffs shared the same or similar compensation and other work-related plans with the Covered Employees.

14. Plaintiffs typically were scheduled by Defendants to work six (6) to seven (7) approximately twelve (12) hour shifts per week during the Violation Period but, regularly and routinely performed uncompensated duties before, during and after their scheduled shifts. Plaintiffs routinely worked over forty (40) hours per week "on the clock" deeming any "off the clock" work unpaid overtime.

---

[2] *See http://www.fluor.com/projects/engineering-construction-ethane-cracker.*

15. Plaintiffs and class members were not paid for all of their actual hours of work.

### Covered Employees Routinely Worked "Off-The-Clock"

16. Plaintiffs and similarly situated Covered Employees worked "off-the-clock" during and outside their regularly scheduled hours during the Violation Period without receiving overtime compensation for such "off-the-clock" work, as required by the FLSA.

17. Some of the uncompensated "off-the-clock" work performed by Plaintiffs and similarly situated Covered Employees during the Violation Period consisted of:

(a) being required, forced, induced, expected and/or, suffered or permitted, to don protective safety items and gear -- as an integral and indispensable part of their job duties -- before clocking in to their regularly scheduled shifts, without being compensated for such donning time;

(b) being required, forced, induced, expected and/or suffered or permitted, to doff protective safety items and gear -- as an integral and indispensable part of their job duties -- after clocking out of their regularly scheduled shifts, without being compensated for such doffing time;

(c) being required, forced, induced, expected and/or, suffered or permitted, to perform compensable work duties at their workplace <u>before</u> being clocked in to their regularly scheduled shifts, including walking within the Project to get to particular work areas, without being paid for such time;

(d) being required, forced, induced, expected and/or, suffered or permitted, to perform work duties at their workplace <u>after</u> being clocked out of their regularly scheduled shifts, without being paid for such time;

(e) being required, forced, induced, expected and/or, suffered or permitted, to prepare and wait for safety meetings -- as an integral and indispensable part of their job duties --

<u>before</u> being clocked in to their regularly scheduled shifts, without being paid for such time;

(f) being required, forced, induced, expected and/or, suffered or permitted, to communicate via telephones, emails, text messages, etc. with vendors, suppliers, customers, and management-level employees of Defendants <u>after</u> being clocked out of their regularly scheduled shifts, without being paid for such time;

(g) being required, forced, induced, expected and/or, suffered or permitted, to "round off" to Defendants' advantage the time they clocked-in to their regularly scheduled shifts, prior to the beginning time of such shifts, without being paid for such "rounding off" time;

(h) being required, forced, induced, expected and/or, suffered or permitted to "round off" to the Defendants' advantage the time they clocked out of their regularly scheduled shifts, after the ending time of such shifts, without being paid for such "rounding off" time; and

(i) being required, forced, induced, expected and/or, suffered or permitted, to perform work duties -- without being fully relieved -- during their unpaid meal breaks, without being paid for such time.

17. Under Defendants' centralized and controlled "meal break deduction policy," a computerized time and attendance system automatically deducted an unpaid meal period of time (per work shift) of each of its hourly-paid construction employees -- during the Violation Period.

18. Plaintiffs and similarly situated Covered Employees performed compensable work for Defendants during their uncompensated meal periods within weekly pay periods -- during the Violation Period.

6

19. Plaintiffs and similarly situated Covered Employees were not fully relieved of their job duties during their uncompensated meal periods, occurring within weekly pay periods -- during the Violation Period.

20. Defendants failed to ensure Plaintiffs and similarly situated Covered Employees received an uninterrupted, duty-free time during their unpaid meal breaks -- during the Violation Period.

21. Defendants failed to ensure that Plaintiffs and similarly situated Covered Employees did not perform job duties during their unpaid meal periods -- during the Violation Period.

22. Defendants failed to prohibit Plaintiffs and similarly situated Covered Employees from performing job duties during unpaid meal breaks -- during the Violation Period.

23. The aforementioned time Plaintiffs and similarly situated Covered Employees spent performing job duties during their unpaid meal breaks constitutes compensable "off-the-clock" work.

24. Defendants had actual and constructive knowledge of Plaintiffs and similarly situated Covered Employees performing job duties "off-the-clock" during and outside their regularly scheduled hours, including performing job duties during their unpaid meal breaks.

25. Plaintiffs complained to Defendants about being required to perform job duties "off-the-clock" outside their regularly scheduled hours, including performing job duties and not being fully relieved of such duties during their unpaid meal periods.

26. The net effect of Defendants' common plan, policy and practice of not paying Plaintiffs and similarly situated Covered Employees for all their aforementioned "off-the-clock' work performed, including all related overtime work performed, was a scheme to save

payroll costs and payroll taxes for which it has enjoyed ill gained profits at the expense of Plaintiffs and similarly situated Covered Employees.

27. Considering Plaintiffs and similarly situated Covered Employees worked forty (40) or more hours during weekly pay periods of the Violation Period for Defendants, had they properly been compensated for all "off-the-clock" work, including the unpaid meal break time, such "off-the-clock" work and unpaid lunch period time would have been added to their pay and treated as overtime compensation under the FLSA.

### Defendants Failed to Keep Accurate Time Records

28. Defendants failed to accurately record actual hours worked of Plaintiffs and similarly situated Covered Employees, as required by the FLSA, 29 C.F.R. §516.2(a)(7).

29. Instead of accurately recording all time worked by Plaintiffs and similarly situated Covered Employees, Defendants willfully required, forced, induced, expected and/or, suffered or permitted, Plaintiffs and similarly situated Covered Employees to work unrecorded time in excess of forty (40) hours per week during weekly pay periods of the Violation Period.

30. Defendants knew, and were aware at all times, that Plaintiffs and similarly situated Covered Employees worked more hours than the hours reflected in their scheduled shifts, and routinely more than forty (40) hours during weekly pay periods of the Violation Period, without being compensated for all such overtime hours.

31. Defendants knew, and were aware at all times, that they was not recording all hours worked by Plaintiffs and similarly situated Covered Employees

32. Defendants required, forced, induced, expected and/or, suffered or permitted, encouraged, suffered or permitted, Plaintiffs and similarly situated Covered Employees to

perform uncompensated work and, were aware at all times that such work was performed without compensation.

### Defendants Knew They Did Not Properly Pay Plaintiffs and Covered Employees

33. Defendants failed to pay Plaintiffs and similarly situated Covered Employees for all hours actually worked, including overtime wage compensation as required by the FLSA, without having a good faith basis for its failure.

34. Defendants had a centralized and common plan, policy and practice of not compensating Plaintiffs and similarly situated Covered Employees for all the aforementioned unpaid hourly work, including unpaid overtime hours at the required overtime rate, all of which violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1). As a result of Defendants' unlawful common plan, policy and practice, they benefited from the resulting labor and payroll cost savings.

35. Plaintiffs and similarly situated Covered Employees were all subject to and, victims of, Defendants' centralized and common plan, policy and practice of strictly enforcing restricted hours of compensable work (budgeted labor) that, in turn, forced and induced their management and supervisory members to work Plaintiffs and similarly situated Covered Employees "off-the-clock" in order to stay within Defendant's budgeted labor costs.

36. Defendants knew their centralized and common plan, policy and practice (schemes), as aforementioned, would require their management and supervisory personnel to work Plaintiffs and  similarly situated Covered Employees "off the clock" outside their regularly scheduled shifts, as well as require them to perform work duties during their unpaid meal periods.

37. As a result of Defendants' improper and willful failure to pay Plaintiffs and similarly situated Covered Employees in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated Covered Employees pursuant to 29 U.S.C. § 216(b) to recover unpaid straight time wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

39. The proposed collective class of similarly situated Covered Employees is defined as:

> All current and/or former hourly-paid construction employees employed by Fluor Corporation at the Project, at any time from the date that is three years preceding the commencement of this action up through the close of the court determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

40. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the members of the collective class with respect to Defendants' compensation and work-related plans, policies and practices. Plaintiffs and similarly situated Covered Employees were subjected to Defendants' aforementioned centralized and common plan, policy and practice of requiring, forcing, inducing expecting and/or, suffering or permitting, its management and supervisory personnel to work Plaintiffs and similarly situated Covered Employees "off the clock" during and outside their scheduled shifts and, during their unpaid meal periods, without compensation, in order to stay within or below its budgeted labor hours as well as within its unified policy of common FLSA violations relating to Plaintiffs and similarly situated Covered Employees.

41. Defendants required, forced, induced, expected and/or, suffered or permitted, Plaintiffs and similarly situated Covered Employees to work hours during weekly pay periods of the Violation Period without full compensation and, to work more than forty (40) hours per week during weekly pay periods of the Violation Period, without being paid all overtime compensation, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

42. Defendants knew Plaintiffs and similarly situated Covered Employees performed work that required additional wages to be paid, including additional overtime compensation. Nonetheless, Defendant operated under the aforementioned centralized and common plan, policy and practice (schemes) to deprive Plaintiffs and similarly situated Covered Employees of such wages and overtime compensation.

43. Defendants' aforementioned conduct and violations were willful and have caused significant damage to Plaintiffs and similarly situated Covered Employees.

44. Defendants' aforementioned conduct and violations were exercised without a good faith basis.

45. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and similarly situated Covered Employees in accordance with the FLSA requirements. Plaintiffs request the Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid straight time wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

46. Plaintiffs estimate there are several thousand members of the collective class. The precise number of collective class members can be easily ascertained by using Defendants' payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail and e-mail.

## CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

48. Plaintiffs and similarly situated Covered Employees are "employees" within the meaning of the FLSA, 29 U.S.C. § 216(b).

49. Section 207(a)(1) of the FLSA states an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

50. Plaintiffs and similarly situated Covered Employees regularly performed work duties within weekly pay periods of the Violation Period but were not paid wages for all hours worked nor paid overtime compensation for all overtime work -- all in violation of the FLSA.

51. Through their actions, policies and practices, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and similarly situated Covered Employees for all actual hours worked, including for all overtime hours worked.

52. The foregoing actions of Defendants violated the FLSA.

53. Defendants' actions were willful and exercised without a good faith basis.

54. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and similarly situated Covered Employees have suffered and will continue to suffer a loss of income and other damages.

55. Defendants are liable to Plaintiffs and similarly situated Covered Employees for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and similarly situated Covered Employees request the Court enter judgment in their favor on this Complaint and:

   a. Award judgment in favor of Plaintiffs and similarly situated Covered Employees against Defendants for an amount equal to their unpaid back wages pursuant to the applicable wage and overtime rates under the FLSA;

   b. Find and declare Defendants' violations of the FLSA as willful and, accordingly, apply the three-year statute of limitations under the FLSA to this action;

   c. Award Plaintiffs and similarly situated Covered Employees liquidated damages in accordance with the FLSA;

d. Award prejudgment interest (to the extent that liquidated damages are not awarded);

e. Award Plaintiffs and similarly situated Covered Employees reasonable attorneys' fees and all costs of this action, to be paid by, in accordance with the FLSA;

f. Award pre and post-judgment interest and court costs as further allowed by law;

g. Provide additional general and equitable relief to which Plaintiffs and similarly situated Covered Employees may be entitled; and,

h. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

Respectfully submitted,

/s/ J Derek Braziel
**J. DEREK BRAZIEL**
SD Bar No. 21134
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**TRAVIS GASPER**
SD Bar No. 3073720
Texas Bar No. 24096881
gasper@l-b-law.com
**Lee & Braziel, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com


Gordon E. Jackson* (TN BPR #8323)
James L. Holt, Jr.* (TN BPR #12123)
J. Russ Bryant* (TN BPR #33830)
Paula R. Jackson* (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law

14

262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*\* Pro Hac Vice Admission Anticipated*

**ATTORNEYS FOR PLAINTIFFS AND ON BEHALF OF OTHERS SIMILARLY SITUATED**